BANK OF THE UNITED STATES, (WHITING v.) See Case No. 17,576.

## Case No. 942.
### BANK OF THE UNITED STATES v. WILLIAMS.

[3 Cranch, C. C. 240.][1]

Circuit Court, District of Columbia. Dec. Term, 1827.

EXECUTORS AND ADMINISTRATORS—PROBATE PRACTICE—AUDITOR'S REPORT — EVIDENCE — EXCEPTIONS.

The report of the auditor under the Maryland act of 1785, c. 80, is prima facie evidence of the amount due, upon the principles and evidence stated in the report; and if those principles, and that evidence, are approved by the court, so much of the report may be read to the jury, as shows the balance so stated, although before the jury is sworn, the defendant except to the evidence admitted by the auditor, and to his calculations, conclusions, and statements.

At law. Assumpsit [by the Bank of the United States against Brooke Williams, administrator of William B. Williams] for money had and received by the defendant's intestate, as second teller to the plaintiff's use. The cause had been referred to Mr. Redin, as auditor, under the act of Maryland, 1785, c. 80, § 12, whose report was filed on the 19th of December, 1825.

Mr. Jones, for the defendant, this morning, (December 31, 1827,) before the jury was sworn, filed what he called exceptions, which were as follows: "The defendant excepts to the auditor's report in this case, 1st. on the ground of the evidence and statement therein contained, and 2dly. on the ground of the calculations and conclusions drawn from the same. The defendant excepts to all and singular the evidence, examined before the auditor, both written and oral; and excepts to the auditor's statement, and report of the same. The defendant excepts to all and singular the statements, and calculations founded thereon as reported by the auditor. W. Jones, for defendant." Upon the trial he objected to the report as evidence.

But THE COURT (nem. con.) permitted the plaintiff to read the auditor's statement of the balance, which he found due upon the evidence and principles stated in his report, which evidence and principles the court is of opinion were correctly admitted and acted upon by the auditor. The part permitted by the court, to be read to the jury, was as follows: "The auditor finds and reports that the balance of loss and gain account, and the total deficiency in William B. Williams's ac-

counts, as second teller from the 21st of May. 1818, when he commenced the duties of the office, to the 25th of August, 1819, when he ceased to perform them, is the sum of one thousand one hundred and ninety one dollars and three cents." Bills of exception were taken as in the case of the Bank of U. S. v. Johnson, at this term, [Case No. 919.] But the plaintiff became non-pros.